**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA  90071-2411
TELEPHONE:     213.972.4500
FACSIMILE:      213.486.0065

M. JOHN CARSON, BAR NO. 41285
JCARSON@FOLEY.COM
LEILA NOURANI, BAR NO. 163336
LNOURANI@FOLEY.COM
PAULINE MUELLER, BAR NO. 6297255
PMUELLER@FOLEY.COM

ATTORNEYS FOR PLAINTIFF
HERBALIFE INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| HERBALIFE INTERNATIONAL, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ADIDAS AG, a German corporation,<br><br>Defendant. | Case No:  CV09-04341 AHM FJWx<br><br>**EX PARTE APPLICATION FOR ORDER APPOINTING APS INTERNATIONAL, LTD. AS SPECIAL PROCESS SERVER**<br><br>Hon. A. Howard Matz<br><br>Complaint Filed: June 17, 2009 |

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Herbalife International, Inc. ("Herbalife") will and hereby does apply *ex parte* for an order appointing APS International, Ltd. ("APS") as Special Process Server in this matter.  This Application is made pursuant to Local Rule 7-19.  Counsel for defendant adidas AG has not been notified of this ex parte application and their consent or opposition to this ex parte application has not been ascertained pursuant to Local Rule 7-19.1 because defendant adidas AG has not yet appeared and therefore there is presently no counsel of record for defendant adidas AG in the instant matter.

1

1  This ex parte application is in fact intended to further effect service on defendant
2  adidas AG in the case that they intend to argue that they have not yet been properly
3  served, and so this ex parte application necessarily comes before appearance of
4  defendant.

5  Defendant adidas AG is a German corporation.  Herbalife has already served
6  adidas AG with the Complaint filed June 17, 2009 and the First Amended
7  Complaint filed June 18, 2009 by serving one of adidas AG's wholly-owned
8  subsidiaries in Delaware (service was made on the registered agent, the
9  Corporation Trust Company) on June 23, 2009.  Herbalife believes that this service
10 is proper under *Yamaha Motor Company Inc. v. The Superior Court of Orange
11 County,* Cal.Ct.App. 2009, and Federal Rules of Civil Procedure 4(e)(1) and
12 4(h)(1)(A).  Herbalife also further effected service on adidas AG by serving adidas
13 AG's United States trademark agent, Notaro & Michalos P.C., on June 23, 2009.
14 However, in the unlikely event that the service on the subsidiary and the trademark
15 agent are successfully challenged, Herbalife wishes, in the alternative, to effect
16 service of process in Germany in accordance with the Hague Service Convention.
17 The German government requires that a special process server be appointed by the
18 court for the service of process in Germany in all cases.  See attached Exhibit 1.
19 APS, a company that has a longstanding vendor relationship with Foley & Lardner
20 LLP, counsel for Herbalife, is experienced in effecting such overseas service.
21 Germany requires an Order appointing APS as special process server in order for
22 APS to effect such service.
23 ///
24 ///
25 ///
26 ///
27 ///
28

2
EX PARTE APP FOR ORDER APPOINTING APS AS SPECIAL PROCESS SERVER
CASE NO. CV09-04341 AHM (FJWx)

LACA_2255598.1

1  Therefore, Herbalife comes before this court seeking an Order appointing APS as
2  special process server in the instant matter.  A copy of the proposed Order is filed
3  contemporaneously with this Ex Parte Application.

5  Dated:  June 26, 2009                    FOLEY & LARDNER LLP
                                            M. JOHN CARSON
6                                           LEILA NOURANI
                                            PAULINE MUELLER

9                                           By:      / s / Leila Nourani
                                                  LEILA NOURANI
10                                                Attorneys for Plaintiff
                                                  HERBALIFE INTERNATIONAL, INC.