Bayer. Staatsministerium der Justiz

Gz.  9341 A 5 - Ia - 1260/89
(bei Antwort bitte angeben)

München,   18. August 1989
Prielmayerstraße 7, Justizpalast
Briefanschrift: Postfach, 8000 München 35
Fernsprecher: Sammel Nr. (089) 5 59 71 (Vermittlung)
Durchwahl Nr. 55 97 NSt. 643
Fernschreiber: 5 23 674
Fernkopierer: 55 97 23 22
Postgirokonto München 2048-808

Bayer. Staatsministerium der Justiz · Postfach 8000 München 35

Frau
Joni Abel
Attorneys Process Services,
International
100 West Franklin Avenue

Minneapolis, Minnesota 55404/USA


Rechtshilfeverkehr zwischen der Bundesrepublik Deutschland und
den USA in Zivilsachen

Zu Ihrem Schreiben vom 23. Juli 1989


Sehr geehrte Frau Abel !

Ich danke Ihnen für Ihr freundliches Schreiben vom 23. Juli
1989.

Zu den von Ihnen gestellten Fragen darf ich Ihnen folgendes
mitteilen:

Erklärung über Strafsachen

Nach einer Entscheidung des Oberlandesgerichts München vom
9. Mai 1989 ist das Haager Zustellungsübereinkommen vom
15. November 1965 auch dann anzuwenden, wenn mit der zuzustel-
lenden Klage Ansprüche auf punitive damages geltend gemacht
werden. Das Bayerische Staatsministerium der Justiz läßt nun-
mehr grundsätzlich auch Zustellungsanträge erledigen, wenn in
dem amerikanischen Verfahren, in dem um Zustellung ersucht
wird, solche Ansprüche verfolgt werden. Unberührt hiervon
bleibt die Ablehnung der Rechtshilfeleistung aus besonderen
Gründen, wenn solche im Einzelfall vorliegen. Die Ablehnung
kann auch wegen der geltend gemachten Ansprüche in Betracht
kommen.

**EXHIBIT 1**
**Page 4**

Verfügung zur Ernennung eines Klagezustellers

Wird nachgewiesen, daß durch eine gerichtliche Verfügung eine Person oder ein Unternehmen zur Zustellung einer Klageschift und/oder anderer Schriftstücke bestellt wurde, so wird diese Person oder dieses Unternehmen im Sinne des Artikel 3 Absatz 1 des Haager Zustellungsübereinkommens als befugt angesehen, an die zuständige Zentrale Behörde in der Bundesrepublik Deutschland einen Zustellungsantrag zu richten. Die deutschen Zentralen Behörden anerkennen ausnahmsweise die Antragsberechtigung der Bestellten im Hinblick auf das Prozeßrecht der einzelnen Bundesstaaten der USA.

Beweisaufnahme vor einem Prozeß

Die Erledigung eines amerikanischen Rechtshilfeersuchens wird nicht dadurch gehindert, daß sich das amerikanische Verfahren erst im Stadium des "Pre-Trial-Discovery"-Verfahrens befindet. Aufgrund des von der Bundesrepublik Deutschland erklärten Vorbehalts zu Artikel 23 des Haager Beweisaufnahmeübereinkommens vom 18. März 1970 und dem deutschen Ausführungsgesetz vom 22. Dezember 1977 werden jedoch in diesem Stadium des Verfahrens - wie auch im weiteren Verfahrensablauf - bis auf weiteres Rechtshilfeersuchen nicht erledigt, wenn und soweit die Vorlage oder die Herausgabe von Dokumenten erbeten wird. Ob demnächst gesetzliche Bestimmungen in Kraft treten werden, die es erlauben, auch solche Ersuchen voll oder teilweise zu erledigen, läßt sich zur Zeit noch nicht absehen.

Gesetzliche Zustellungsmethoden

Die Art der Zustellung richtet sich nach dem Zustellungsantrag. Ein Zustellungsantrag wird stets durch Gerichtsbeamte erledigt. Eine Zustellung gemäß Artikel 5 Absatz 1 des Haager Zustellungsübereinkommens vom 15. November 1965 ist nur zulässig, wenn das zuzustellende Schriftstück in deutscher Sprache abgefaßt ist oder wenn einem fremdsprachigen Schriftstück eine Übersetzung in die deutsche Sprache beigefügt ist. Sind Schriftstücke als Übersetzung deklariert, so sind auch diejenigen Schriftstücke beizufügen, die übersetzt wurden.

EXHIBIT 1
Page 5

Wird um Übergabe der Schriftstücke an den Adressaten selbst oder an den gesetzlichen Vertreter des Adressaten (z.B. Geschäftsführer, Prokuristen) ersucht (bei amerikanischen Ersuchen ist dies häufig der Fall), so wird diese Bitte aufgrund der deutschen gesetzlichen Bestimmungen nicht als Bitte um Zustellung in einer besonderen Form (Artikel 5 Absatz 1 Buchstabe b des Haager Zustellungsübereinkommens) verstanden; es handelt sich um einen Fall nach Buchstabe a des Artikel 5 Absatz 1 des Übereinkommens.

Ich hoffe, daß ich Ihnen damit Nützliches auf Ihre Fragen antworten konnte. Es würde mich freuen, wenn wir weiter in gutem Kontakt blieben. Gelegenheit für den freundlich angebotenen Gegenbesuch in Minneapolis wird sich für mich, so fürchte ich, in nächster Zeit nicht ergeben.

Mit freundlichen Grüßen
I.A.

Dr. Markwardt
Ministerialrat

EXHIBIT 1
Page 6

Bavarian Ministry of Justice

Munich, August 18, 1989
Prielmayerstrasse 7, Justizpalast

Mailing Address:  Postfach, 8000 Muenchen (Munich) 35
Telephone:        Main Number (089) 5 59 71 (receptionist)
                  Direct Dial No. 55 97 643
Teletype:         5 23 674
Telecopier:       55 97 23 22
Postal Financial Account   2048-808

Reference No. 9431 A 5 - 1a - 1260/89
(please remit with correspondence)

Bavarian Ministry of Justice - Postfach - 8000 Muenchen 35

Ms.
Joni Abel
Attorneys Process Services,
International
100 West Franklin Avenue

Minneapolis, Minnesota   55404/USA

Judicial Assistance between the Federal Republic of Germany and the USA in civil matters.

Pursuant to your letter of July 23, 1989.

Dear Ms. Abel:

Thank you for your cordial letter of July 23, 1989.

In response to your questions, may I report the following to you:

Declaration of Damages

After a decision of the Oberlandgericht Muenchen (Higher Regional Court of Munich) on May 9, 1989, the Hague Treaty of November 15, 1965, is to be applied as well when a claim of punitive damages is asserted in the complaint for service. The Bavarian Ministry of Justice now generally allows Requests for Service to be carried out when such damages are asserted in the American action for service. This does not

EXHIBIT 1
Page 7

interfere with the ability to refuse judicial assistance for specific reasons which are apparent in individual instances. Further, refusal can be considered on the basis of asserted claims.

Order to Appoint a Process Server

It is established that if a person or an entity is appointed by court order to serve a complaint and/or documents, then in accordance with the essence of Article 1 of the Hague Service Treaty, this person or entity will be recognized as authorized to forward a Request for Service to the appropriate Central Authority in the Federal Republic of Germany. In consideration of the civil code of individual U.S. states, the German Central Authorities specially recognize the authority of those appointed to make requests.

Taking of Evidence before the Trial

Completion of an American Request for Judicial Assistance will not be hindered on the grounds that the American action is found in the realm of actions for "Pre-trial Discovery". On the basis of the Federal Republic of Germany's declarations to Article 23 of the Hague Evidence Treaty of March 18, 1970, and to the German regulatory statute of December 22, 1987, such requests for Judicial Assistance in this realm of actions– such as with suspended proceedings pending additional information– have not been carried out up to this point if and when document discovery has been

EXHIBIT 1
Page 8

requested. It is not apparent at this time whether or not a decision will take force to allow this or to complete such Request completely or in part.

## Authorized Methods of Service

The method of service follows the Request for Service. A request for service is regularly carried out by court officials. Service in accordance with Article 5, paragraph 1 of the Hague Service Treaty of November 15, 1965, is only acceptable if the documents for service are drafted in the German language or if a German translation is attached to the foreign language document. If the document is translated, the documents which rendered the translation are to be attached.

If personal delivery of the documents to the addressee or to a legal representative (for example, a Business Director or an Authorized Signatory) is sought (which is quite often the case with American requests), the request is not seen as a special request (Article 5, paragraph 1, letter b of the Hague Service Treaty); rather, it falls under letter a of Article 5 paragraph 1 of the Treaty.

I hope to have provided some useful answers to your questions. I would be pleased if we would remain in good contact. An opportunity for a visit to Minneapolis will unfortunately not be immediately available.

EXHIBIT 1
Page 9

Sincerely,

In absentium


Dr. Markwardt

Ministerial Advisor

EXHIBIT 1
Page 10